Putnam J.
delivered the opinion of the Court. As the third count was filed after the entry of the action, and without any leave from the Court of Common Pleas, the question is, if it ought to have been received. We are all of opinion that it ought not to have been allowed.
The causes indicated in the original counts are clearly different from that set forth in the third. When the defendants were ■ arrested, their bail might know that Waite had no money, goods or effects to spend while he was in jail. The bail might, therefore, be very willing to become responsible to the extent of such a claim. The result has proved that they judged right. But it by no means follows that they would have stipulated for the defendants, if charged with the fraud for which the plaintiff declares in the third count. For such frauds the statute provides no remedy. If Waite had conveyed away real estate with intent to defraud the plaintiff, no statute remedy is necessary. The land may be levied on and taken to satisfy the judgment, notwithstanding the conveyance.
The memorandum at the bottom of the writ could be under stood as indicating merely such new counts as should contain substantially the matters set forth in those then existing.
*463 A recovery on the third count, it seems to us, would be no bar to an action upon the statute. In such an action the plaintiff proceeds for the penalty ; in tie third count for the real damages. In one case the defendants are to answer for acts done in a limited period, viz. while Waite was in jail on the execution, and for an alleged fraud touching Waite’s, personal estate ; the other case presents a more enlarged conspiracy, extending to real as well as to personal estate, comprehending a greater length of time, and without limitation in respect to place.
It is not necessary to determine whether these counts could have been originally joined, inasmuch as we are satisfied that the third, under the circumstances of this case, ought not to have been received.
The opinion of the Court is, that the verdict must be set aside, and that the plaintiff should become nonsuit.
After this decision the defendants claimed several costs.
It was objected on the part of the plaintiff, that this was without precedent. Before the St. 8 & 9 Will. 3, c. 11, costs were considered as an entire thing. That statute made an ex ception in a particular case only, where some of the defendants in. certain actions for torts are acquitted and others convicted, by allowing costs to those who are acquitted ; Tidd’s Pr. (2d Am. ed.) 900 ; but that statute does not allow several costs to those who are acquitted, as will appear by some of the cases hereafter cited. The case of Wilcocks v. Powell, Comb. 364, determined just before the passing of the act, shows the evil for which it was intended to provide a remedy ; which was, the putting in a defendant fraudulently who should make no defence, in order to save the plaintiff from costs if the other de- ‘ fendants should be acquitted. It would be unequal and unjust to subject the plaintiff in this action to the payment of six bills of costs, since he could not in any event have recovered more than one against the defendants. The St. 1784, c. 28, § 9, provides that when a plaintiff “ shall become nonsuit, &c., the defendant shall recover his cost against him,” and that “ the party prevailing shall be entitled to his legal costs against the *464 other.” The phrase caste refers it to the court to deter-mine what costs are legal in any given case. The statute makes no distinction, in regard to costs, between actions ex contractu and actions ex delicto. That distinction was introduced by this Court; and must have been borrowed from the English practice, as it would be difficult to give an unlearned reason for a construction allowing several bills of costs in an action of tort, which would not argue to the same end in an action ex contractu. If defendants are allowed several costs by this act, why are not plaintiffs likewise who employ several counsel ? As plaintiffs are required to consolidate actions which may be joined, in order to prevent an unnecessary accumulation of costs, defendants would have been laid under a similar restraint, if the legislature had conceived it possible that by severing in their pleas they had it in their power to enhance unnecessarily the costs against the plaintiff. The rule contended for leads to an absurdity, inasmuch as costs of suit include the fees for witnesses, depositions, attorneys, &c., and the plaintiff in this case would be obliged to pay six times the actual amount of these items. If the defendants make common cause in the defence, these expenses are joint, while their own attendance and travel are several. Durgin v. Leighton, 10 Mass. Rep. 58. The present case was one in which the defendants were properly joined, as the verdict shows, and there was no color of reason for their severing in their pleas. In the absence of all precedents, the Court will adopt as a rule of construction the reasonable practice of the English courts, and will allow the defendants only one bill of costs. Middleton v. Crofts, Andrews, 60; Com. Dig. Costs, A. 5 ; Rex v. Danvers, 1 Salk. 194 ; Aaron v. Alexander, 3 Campb. 35 ; Mordecai v. Nutting, Barnes, (3d ed.) 145 ; Jordan v. Harper, 1 Str. 516 ; Ingle v. Wordsworth, 3 Burr. 1286 ; Propr. Kennebec Purchase v. Boulton, 4 Mass. Rep. 421 ; Dawes v. Bell, ibid. 107 ; Galloway v. Pitman, 3 Mass. Rep. 408 ; Brown v. Stearns, 13 Mass. Rep. 536. The case of Hall v. Gardner, 1 Mass. Rep. 172, not reported as to the costs, and several cases of Goodwin v. Davis, determined in Suffolk, November term 1819, but not reported, were also referred to-
The counsel for the defendants contended, that it was the *465 general practice to tax several costs ; that it was correct in principle ; that our statute allowed it; and that there were several cases where the point seemed taken for granted by the Court. They referred to Galloway v. Pitman, Durgin v. Leighton, and Brown v. Stearns, before cited ; Meagher v. Bachelder, 6 Mass. Rep. 444 ; Ward v. Johnson, 13 Mass. Rep. 152.
This question of costs was argued in writing in vacation, and Parker C. J., after consulting his brethren, made a communication to the counsel in the cause, as follows : —
I find, upon inquiry, that it has been the invariable practice, in all cases of torts where the defendants sever in their pleas, to allow several costs, whether part or the whole be acquitted ; and this practice results from the construction of our statute, which provides that in all cases the prevailing party shall recover costs. When trespassers or other tort-feasors sever in the pleas, each defendant becomes a separate party ; he may be tried alone, if he require it. It is true the plaintiff can recover but one bill of costs in most cases ; though, if there were several trials, he would have a right to tax in his bill the court and jury fees on each trial. The English statute respecting costs has never been adopted or practised upon here, or if it has, it is entirely superseded by our general statute. I do not find that any of the cases cited for the plaintiff show a contrary practice. The case of Hall v. Gardner does not show any motion for several costs. In the several cases of Goodwin v. Davis et al., the defendants joined in their pleas, and there does not appear to have been any motion for several costs ; if there was, it was without doubt overruled, because there was a joinder in the pleas.
In a case in Middlesex, Appleton v. Carpenter et al., trespass quare clausum, the defendants were allowed on motion to plead severally ; both were acquitted, and the whole Court, on motion, allowed each defendant his costs. This case settles the question.
The defendants, however, are not to have full costs for each. Their travel and attendance they may have, and each his attorney’s fee ; but all the other charges must be single. In the taxation for witnesses, depositions, clerks’ fees, &c., the attor *466 neys may distribute them according to the advances node by each defendant, or may put the whole into either bill of costs. The practice at nisi prim is believed by all the judges to be conformable to the above ; and experienced attorneys in other counties, who have been consulted, say the same.[1]

 See Ewer v. Beard, 3 Pick. 64; West v. Brock, 3 Pick. 303; Griswold v Sedgewick, 3 Wendell, 326.